BLANCHE, Judge
(dissenting).
I am unable to agree with the conclusion that considering all of the facts and circumstances surrounding the use of the insured’s automobile by first permittee (Cates) that it was not foreseeable that the first permittee had authority to let another (Coleman) drive or use the insured automobile.
Green Andrews and Tom Cates worked together and were friends. They often swapped vehicles for their own purposes such as running errands. There was no restriction placed by either on the use of the borrowed vehicle, and on this particular occasion it was Andrews who wanted Cates’ truck in order to go fishing. Andrews did not even know when Cates took his car or when he would bring it back. Under these circumstances, the conclusion is inescapable that he gave Cates his car to use as his own, for his own purpose, while he used Cates’ truck for his own purpose.
At some time during the afternoon in question and under the circumstances of the foregoing swap of the vehicles, Cates and his friend Jimmie Coleman went out visiting certain bars in the area. At which bar Coleman became drunk is not known by the majority, and for that matter may not even have been known by Cates, who also had been drinking and was riding on the back seat with Viola Williams at the time of the ill-fated accident. Nevertheless, the majority would deny coverage because it was not foreseeable that Cates would permit Coleman to drive Andrews’ automobile since Coleman was drunk. The converse of this position is that it would have been foreseeable for Cates to permit Coleman to drive the automobile had Coleman been sober.
However, it really does not matter whether Coleman was drunk or not or when he became drunk or even whether Cates knew he was drunk, because the initial permission given Cates implied he could use Andrews’ car as his own. Certainly this should include letting his friend Coleman drive while he was in the automobile and on the back seat with Viola Williams. The foreseeability of Coleman’s driving the borrowed vehicle under the foregoing circumstances should have been easily found.
Furthermore, the evidence relied upon by the majority to hold the use of the automobile by the second permittee was not with permission is all negative. For example, they say there was no indication in this record that Andrews knew anybody else would be with Cates and thus have the possibility of driving the car, and there was no indication that Andrews gave Cates even implied permission to allow someone else to drive the car, much less an intoxicated person.
Additionally, to find implied permission, they would require some evidence as to how Cates used the car in the past, i. e., *840 whether he partied, allowed someone else to drive it, or used the car on double dates. Why should this type of evidence be necessary when the positive evidence shows that Andrews, after taking Cates’ truck to go fishing, left his car for Cates to use while he was using the truck? Under these circumstances, it would seem that Cates ought to be able to use Andrews’ car as his own since Andrews had taken his truck.
In the Second Circuit case of Hurdle v. State Farm Mutual Automobile Insurance Company, 135 So.2d 63 (La.App.2nd Cir. 1961), the named insured and a close friend frequently traded and gave each other the general and unrestricted use of their respective automobiles without limitation against the delegation of their use by others. At the time of the accident, one friend had borrowed the other friend’s car and left his own for his friend to use that night. As in the case before us, the friends in the Hurdle case swapped cars frequently for their own purposes. The Court held that this evidence established that the original permittee had the automobile owner’s permission to make whatever use he desired of the automobile, which included the right to let others use the same.
Unquestionably, it is well established in our jurisprudence that the named insured’s grant to an original permittee of more or less general discretion and continuous control over the insured vehicle carries with it the implied consent of the named insured for the original permittee to allow third persons to use it, and that a third person so using the car is considered as having the indirect and implied permission of the named insured to do so and thus becomes the insured under the omnibus clause. See 4 A.L.R.3rd 10, § 13, and a host of cases cited therein to this same effect.
For the above reasons, I would have found coverage and affirmed the judgment of the trial court.